**Fred WOLCHIK, Appellant,**

v.

**Virginia SILER, Appellee.**

Court of Appeals of Kentucky.

Nov. 20, 1959.

W. A. Johnson, Paintsville, for appellant.

M. O. Wheeler, Wheeler & Wheeler, Paintsville, for appellee.

STEWART, Judge.

Virginia Siler, appellee herein, secured judgment against Fred Wolchik, appellant herein, for $1,139 on the theory that Wolchik's negligent operation of his automobile, in which plaintiff was a passenger, was the cause of an injury to her back. Wolchik moves for an appeal.

Two meritorious grounds are urged for reversal of the judgment: (1) The evidence failed to show any negligence on the part of appellant that occasioned appellee's injury; and (2) appellant's negligence, if any, was not the proximate cause of the injury sustained by appellee.

The evidence discloses that on June 4, 1957, at about 10:30 p. m., appellant, his wife, Ruth Wolchik, and appellee were traveling in appellant's 1957 De Soto station wagon on a blacktopped highway in Johnson County. As they drew near a Chesapeake and Ohio railroad company crossing at West Van Lear Junction, appellant, who was driving, stopped the vehicle momentarily to look for approaching trains and then started across the double tracks. It was raining slightly and the highway was somewhat wet and slick. The crossing was bridged with planks between the rails which were laid in such a manner that the ends were very irregular. In the attempt to cross the tracks, appellant's right front wheel struck a protruding rail of the second track, gradually eased or skidded to the right, and dropped over the ends of the planks. It was estimated the drop into which the station wagon fell was two feet from the planks to the railroad bed. Appellant was unable to extricate his car from this position and, as he almost immediately saw the lights of an oncoming train about a half a mile down the tracks towards Paintsville, he told his wife and

appellee to leave the car. All three passengers thereupon abandoned the car and, although appellant tried to stop the train by waving his raincoat, he was unsuccessful. The train hit the station wagon, damaging it extensively.

Appellee claims she hurt her back while getting out of appellant's car at the crossing. She so described her "accident" to both the doctors she later visited, namely, Doctor James A. Archer in Paintsville and Doctor Francis A. Scott at Huntington, West Virginia. The first of these diagnosed her ailment as a slipped disc and the second concluded she had a mild protusion of an intervertebral disc. Appellee testified that while she and Ruth Wolchik were standing near each other on the side of the highway, she exclaimed, "My back is killing me." Ruth Wolchik said she could not remember such a remark.

At the conclusion of all the evidence, appellant moved for a directed verdict. This was overruled and the jury was allowed to decide the issues submitted under certain instructions that we need not dwell upon. A verdict was returned in the amount heretofore mentioned and judgment was entered thereon. A timely motion was entered by appellant for a judgment notwithstanding the verdict, pursuant to CR 50.03, which was overruled. It is argued the lower court erroneously overruled both of the motions filed by him.

■ Appellant earnestly contends the evidence introduced in this case does not in any manner indicate he was negligent in the operation of his station wagon on the night in question. We agree. It is very evident there was no specific act of negligence alleged or proved. We do not believe negligence could be inferred from the mere fact that the car skidded or slipped so that the right wheel dropped off the crossing. Appellee herself testified that she did not know what caused the car to skid, and that appellant drove just like anybody else would drive under the same circumstances. Here, the proof appears to

conclusively show that this occurrence was due to the faulty condition of the crossing. That the crossing was in a state of bad repair is pointed up by the fact that reimbursement was made to appellant by the railroad company for the damage done to his car and also by the fact that the crossing was later reconstructed by it. The evidence also seems clear on the point that appellant exercised due care in his driving when he was on the crossing.

■ Assuming, however, for the sake of argument, that appellant was guilty of some act of negligence at the time appellee testified she had her "accident", we do not find even a shred of proof in the record which tends to indicate that any misconduct of appellant's produced appellee's injury. It is the general rule that there must be a causal connection between the alleged negligence and the alleged injury. On this point this statement appears in 65 C.J.S. Negligence § 104, p. 650: "Although a person may be negligent in the performance or omission of some duty owed to the person injured, no liability attaches unless it appears that there was a causal connection between such negligence and the injury, and the negligence charged was the proximate or legal cause of the injury, rather than a remote cause, or one merely causing a condition providing an opportunity for other causal agencies to act."

■ Appellee was unable to state how or when she received her injury. She said she was first conscious of pain while standing by the tracks after she left the car. Both of her attending physicians testified that the nature of her injury was such that it could have occurred at any time by a sudden twist of her body, or while bending over, or while walking along the tracks, as well as while alighting from the station wagon. There is no showing of a connection between the skidding of the vehicle and appellee's injury.

Another question relating to the alleged misconduct of appellee's attorney, when arguing this case before the jury, is raised.

We deem it unnecessary to consider this alleged error, in view of our determination of this appeal on the basis of our discussion heretofore. We conclude appellant was entitled to a directed verdict.

Wherefore, the motion for an appeal is sustained and the judgment is reversed with a direction that a new one be entered in favor of appellant.